**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re )<br>)<br>RAHUL CHATURVEDI and )<br>NEENA CHATURVEDI, )<br>)<br>       Debtors )<br>_____ ) | Chapter 11<br>Case No. 07-15505-WCH |
| )<br>In re )<br>)<br>100 INDEPENDENCE REALTY LLC, )<br>)<br>       Debtor )<br>_____ ) | Chapter 11<br>Case No. 07-15511-WCH |
| )<br>In re )<br>)<br>NUSPEECH COMMUNICATIONS CORP., )<br>)<br>       Debtor )<br>_____ ) | Chapter 11<br>Case No. 07-15513-WCH |

**APPLICATION OF DEBTORS-IN-POSSESSION TO EMPLOY COUNSEL**
**AND FOR AUTHORIZATION TO PAY COUNSEL RETAINER AND COUNSEL FEES**

TO THE HONORABLE WILLIAM C. HILLMAN, BANKRUPTCY JUDGE:

AND NOW, come Rahul Chaturvedi and Neena Chaturvedi (together, the "Chaturvedis"), 100 Independence Realty LLC and NuSpeech Communications Corp. (together, the "Debtors") and respectfully move that this Court enter an order authorizing it to employ Joseph S.U. Bodoff and the law firm of Bodoff & Associates ("B&A") as its counsel in these Chapter 11 proceedings on the terms and conditions set forth herein and to authorize the Chaturvedis to pay to B&A (1) retainers for each of the foregoing cases in the aggregate amount of $26,000.00, and (2) and flat fees of $1,000.00 each for four pending Chapter 7 cases in which

the debtor businesses are owned by the Chaturvedis. In further support hereof, the Debtors state as follows:

1. On August 31, 2007, the Chaturvedis filed with this Court *pro se* a voluntary petition under Chapter 11 of the Bankruptcy Code. On that same date, they also caused to be filed *pro se* voluntary petitions under Chapter 11 or Chapter 7 of the Bankruptcy Code for each of the following entities (the "Business Debtors"):[1]

| Debtor | Case No. | Chapter |
|---|---|---|
| NuSpeech Realty Corp. | 07-15506 | Chapter 7 |
| 100 Independence Realty LLC | 07-15511 | Chapter 11 |
| Physician Medical Centers, Inc. | 07-15512 | Chapter 7 |
| NuSpeech Communications Corp. | 07-15513 | Chapter 11 |
| Istrategy Capital Partners, LLC | 07-15514 | Chapter 7 |
| PMC Diagnostics, Inc. | 07-15515 | Chapter 7 |

The Chaturvedis are the sole owners of each of the Business Debtors.

2. Under Court rules, none of the cases involving the Business Debtors may proceed unless the Business Debtors retain counsel. In addition, the Chaturvedis require counsel to assist them in their Chapter 11 case.

3. The Chaurvedis and each of the Business Debtors desire to employ Joseph S.U. Bodoff and the law firm of Bodoff & Associates as its counsel to represent them in these proceedings. By this Application, the Chapter 11 Debtors seek to engage B&A pursuant to section 327 of the Bankruptcy Code and applicable Court rules. The Chaturvedis further seek authorization hereby to pay to B&A a retainer for the services to be rendered by B&A in the Chapter 11 cases and a flat fee for each of the four Chapter 7 cases.

---

[1] They also caused to be filed on that date Chapter 11 petitions on behalf of HCAA – Care P.C. and Smartsource Systems, Inc. Those cases were dismissed for failure to pay filing fees by orders dated September 17, 2007.

2

## Background of the Debtors

4. The Chaturvedis are physicians with offices located at 100 Independence Drive Hyannis, Massachusetts. Their practice concentrates in the areas of internal medicine and other support businesses.

5. Beginning in 1996, the Chaturvedis formed the Business Debtors, which were engaged in the following businesses:

   a. Physician Medical Centers, Inc. was formed in 1996 for the purpose of providing charitable efforts in healthcare. In 2006, it was converted to a non-profit medical practice.

   b. NuSpeech Communications Corp. was formed in 2001 for the purpose of providing software services. It developed software for healthcare and other vertical industries.

   c. NuSpeech Realty Corp. was formed in 2005 for the purpose of owning the real property located at 100 Independence Drive, Hyannis, Massachusetts, that houses the Chaturvedis' medical practice and other businesses. In connection with a refinancing of the property in 2005 and at the insistence of the lender, the 100 Independence Drive property was transferred from NuSpeech Realty Corp. to 100 Independence Realty LLC. NuSpeech Realty Corp. has not conducted any business since that time.

   d. 100 Independence Realty LLC was formed in 2005 for the purpose of taking title to and owning the real property located at 100 Independence Drive, Hyannis, Massachusetts, which it still owns.

   e. Istrategy Capital Partners, LLC was formed in 2001 for the purpose of raising funds for businesses in healthcare and medical practices. The business is closed and has not performed any meaningful transactions since 2002.

3

   f. PMC Diagnostics, Inc. was formed in 2005 for the purpose of performing outpatient diagnostics. It functioned as an outside medical diagnostic company, providing diagnostic services for the Chaturvedis' medical practice and for others.

  6. Of the Business Debtors, all except 100 Independence Realty LLC have ceased operations and have little if any assets.

### Terms of Engagement

  7. Attached hereto as Exhibit A is an engagement agreement between the Debtors and B&A. The willingness of B&A to represent the Debtors is conditioned upon the Court approving each of the following terms:

   a. The Chaturvedis shall pay to B&A the sum of $30,000.00 over a period of three months, with $1,000.00 having been paid on September 14, 2007, $4,000.00 to be paid by September 30, 2007, and five installments of $5,000.00 each to be paid on the 15th and 30th days of each month ending on December 15, 2007.

   b. From the money paid to B&A, $4,000.00 shall be used to pay a flat fee for B&A to represent the four Chapter 7 debtors in their cases. That fee shall be deemed earned when paid and may be immediately retained by B&A as a fee without further order of this Court. The remaining $26,000.00 shall be held as a retainer for the three Chapter 11 cases, with $4,000.00 being reserved for the Nuspeech Communications Corp. case and $11,000.00 each being reserved for the other two Chapter 11 cases. The Chapter 11 retainers shall be held in client's funds until further Court order.

   c. Should the Chaturvedis not make any payment under the engagement agreement when due, <u>time being of the essence</u>, then B&A may immediately withdraw as counsel upon filing with the Court of a certification of such default. Notwithstanding the

foregoing, B&A may not withdraw as counsel in any Chapter 7 case where it has received full payment thereon. Should B&A withdraw as counsel, it shall be entitled to be paid for its services from any retainer upon application to the Court and to assert an administrative claim for any amounts in excess thereof.

    d.    Subject to the allocations set forth in paragraph 7b hereof, B&A shall be entitled to apply payments received from the Chaturvedis to such cases and in such order as it may determine in its discretion. Notwithstanding, should any of the Chapter 11 cases convert to Chapter 7 before B&A earns the full amount of the retainer, the excess retainer may be allocated to one of the other Chapter 11 cases.

    e.    The foregoing sets forth the major terms of engagement. The Chapter 11 Debtors incorporate herein such other terms of engagement set forth in the engagement agreement to the extent not inconsistent herewith.

## Services to Be Rendered

8.    The professional services that B&A are to render in the Chapter 7 cases are more fully set forth in the engagement letter attached as Exhibit A and are referred to herein in connection with the request that the Chaturvedis be permitted to pay to B&A the fees required for the firm to represent those debtors.

9.    The professional services that B&A are to render in the Chapter 11 cases include, but are not limited to, the following:

    a.    Preparation of the schedules and statement of financial affairs;

    b.    Representation of the Debtor at the section 341 meeting of creditors;

    c.    Drafting and filing of all necessary motions, applications, answers, orders, reports and other legal papers consistent with its representation of the Debtor;

  d. Representation of the Debtor in connection with any disputes with any of its creditors;

  e. Review and evaluation of the Debtor's loan documents, leases and executory contracts;

  f. Negotiating and drafting a plan of reorganization and disclosure statement;

  g. Review and analysis of the claims asserted against the Debtor and the preparation, filing and prosecution of any objections to claims;

  h. Attending all hearings on behalf of the Debtor;

  i. Advising the Debtor regarding its legal rights and obligations and assisting the Debtor in formulating strategies in connection with the case; and

  j. Performing all other legal services for the Debtor that may be appropriate herein.

### Conflicts of Interest

10. To the best of knowledge of the Chapter 11 Debtors, B&A has no connection with any of the Debtors or any other parties in interest or their respective attorneys, and do not represent any interest adverse to the estate in matters upon which they are to be engaged. Notwithstanding, Bruce Levine and the accounting firm of Levine, Katz, Nannis + Solomon, P.C., which are owed in excess of $100,000.00 by one or more of the Debtors, are the accountants for Joseph S.U. Bodoff and B&A and the two firms occasionally refer work to each other. In addition, B&A occasionally represents creditors, MBNA and American Express in bankruptcy matters but does not represent those creditors in connection with this case.

11. The Chapter 11 Debtors are unaware of any conflict that may exist in B&A representing all seven debtors.

### Best Interests

12. The employment of Bodoff & Associates is in the best interest of the Debtor and the estate.

13. The Chapter 11 Debtors requests that the employment of Bodoff & Associates be effective as of September 14, 2007, the date the Debtor agreed to retain Bodoff & Associates.

WHEREFORE, it is respectfully requested that the Court enter an Order as follows:

A. Authorizing the Chapter 11 Debtors to employ Joseph S.U. Bodoff and the law firm Bodoff & Associates to represent them in the above-captioned cases as its counsel, at reasonable hourly rates, with such compensation as is approved by the Court;

B. Approving the terms of engagement as described in paragraph 7 of this Applications;

C. Authorizing counsel to withdraw its representation upon filing with the Court a certification that the Chaturvedis have defaulted on their payment obligations described in paragraph 7(a) hereof, subject to the obligation of counsel to continue to represent any Chapter 7 debtor as to which payment in full has been received; and

D. Granting such other and further relief as may be appropriate.

RAHUL CHATURVEDI

_____
Rahul Chaturvedi

NEENA CHATURVEDI

_____
Neena Chaturvedi

100 INDEPENDENCE REALTY LLC

By: _____
Rahul Chaturvedi, Managing Member


NUSPEECH COMMUNICATIONS CORP.

By: _____
Rahul Chaturvedi, President

Dated: September 18, 2007

8

# Exhibit A



225 Friend Street
Boston, MA 02114-1812

617.742.7300
617.742.9969 *fax*
www.bodofflaw.com

September 18, 2007

Rahul Chaturvedi, M.D.
Neena Chaturvedi, M.D.
89 Old Hyannis Road
Yarmouth, MA 02675

Dear Rahul and Neena:

We are pleased that you have decided to engage Bodoff & Associates as counsel. The following will confirm the scope and terms of our engagement.

### *Scope of Engagement*

Subject to the approval of the Bankruptcy Court, we will represent the two of you individually and six business entities in Chapter 11 and Chapter 7 proceedings. The cases that have been filed and the chapter under which each has been filed are as follows:

| Debtor | Case No. | Chapter |
|---|---|---|
| Rahul Chaturvedi and Neena Chaturvedi | 07-15505 | Chapter 11 |
| Nuspeech Realty Corp. | 07-15506 | Chapter 7 |
| 100 Independence Realty LLC | 07-15511 | Chapter 11 |
| Physician Medical Centers, Inc. | 07-15512 | Chapter 7 |
| Nuspeech Communications Corp. | 07-15513 | Chapter 11 |
| Istrategy Capital Partners, LLC | 07-15514 | Chapter 7 |
| PMC Diagnostics, Inc. | 07-15515 | Chapter 7 |

In sum, should the Bankruptcy Court approve our engagement, we will represent the two of you, together with 100 Independence Realty LLC and Nuspeech

{00023019.2}



Rahul Chaturvedi, M.D.
Neena Chaturvedi, M.D.
September 18, 2007
Page 2 of 5

Communications Corp. in Chapter 11 cases. We will represent the other four entities in Chapter 7.

In the Chapter 11 cases, we will perform such services as are customary to be performed by counsel for a debtor, including preparation of the schedules and statement of financial affairs, negotiating and drafting a plan of reorganization and disclosure statement, filing such motions and other pleadings as may be appropriate, responding to any motions or other pleadings as may be filed, responding to inquiries from the U.S. Trustee and creditors and attending hearings on behalf of the debtors. In the Chapter 7 cases, we will prepare the schedules and statement of financial affairs, attend the meeting of creditors under section 341 of the Bankruptcy Code, respond to the inquiries of the U.S. Trustee, trustee and creditors, and attend such hearings as may be required to be attended by the debtor. Our fees for handling the Chapter 7 cases do not include the defense of any adversary proceedings that may be brought against you or the attendance at Rule 2004 examinations should either of you be subpoenaed to testify. Such additional services shall be subject to a separate agreement.

### *Conflicts of Interest*

Based on the information you have given us, we are not aware of any conflicts of interest that would prevent us from representing you or would affect our representation of you. If hereafter we become aware of an actual or potential conflict of interest, we will discuss this with you and we will determine whether this will prevent the firm from continuing its representation.

Having stated the foregoing, you should be aware that the accounting firm of Levine, Katz, Nannis + Solomon, P.C., which is listed as being owed in excess of $100,000, are the accountants for this law firm and that that firm and ours occasionally refer work to each other. You should also be aware that we occasionally represent MBNA and American Express in bankruptcy matters, although we have not been asked to represent them in your cases.

As the case proceeds, it is possible that conflicts may arise in our representation of all of the debtor entities. Should that occur, our representation of the conflicted entities may be limited; it is possible that we would have to withdraw as counsel for one or more of the entities. We are currently unaware that any such conflicts exist.

{00023019.2}



Rahul Chaturvedi, M.D.
Neena Chaturvedi, M.D.
September 18, 2007
Page 3 of 5

### *Attorney Assignment*

I will have primary responsibility for this engagement and expect to be assisted by my associate, Ryan Sullivan and my paralegal, Lynn Southworth. My current hourly rate is $400.00. Ryan's is $190.00 per hour and Lynn's is $105.00 per hour. Please note that we review our rates and consider adjustments at the beginning of each year. It is likely that our rates will increase effective January 1, 2008.

### *Retainer*

We will require a retainer of $30,000.00 in order to represent you and your businesses. As we discussed, the retainer may be paid in installments over three months in accordance with the following schedule:

> You paid us $1,000.00 on Friday, which we are holding in client's funds. In addition, you will make the following payments on or before the dates indicated, <u>time being of the essence</u>:

| | |
|---|---|
| Sept. 30, 2007 | $4,000.00 |
| Oct. 15, 2007 | $5,000.00 |
| Oct. 30, 2007 | $5,000.00 |
| Nov. 15, 2007 | $5,000.00 |
| Nov. 30, 2007 | $5,000.00 |
| Dec. 15, 2007 | $5,000.00 |

Our willingness to accept payment of the retainer in installments is conditioned upon your express agreement that we may immediately withdraw as counsel in the event that any of these payments are not made timely in good and available funds, time being of the essence. To this end, you consent to our withdrawal upon our filing with the Court a certification that you have breached these payment terms, provided, however, that we will continue to represent any entity as to which we have agreed to handle the matter on a flat fee, as described in the next section, if such flat fee has been paid in full.

### *Flat Fee for Chapter 7 Cases*

Notwithstanding anything to the contrary contained herein, we shall handle the cases that are currently in Chapter 7 for a flat fee of $1,000.00 each, meaning that our fee will not depend on the amount of time we devote to the case. The total amount that would be allocated to Chapter 7 cases, therefore, would be $4,000.00.

{00023019.2}



Rahul Chaturvedi, M.D.
Neena Chaturvedi, M.D.
September 18, 2007
Page 4 of 5

### *Application of Retainer*

The retainer will be applied in the following manner upon receipt, in such order as we may determine in our sole discretion: $1,000.00 to each of the cases that are currently in Chapter 7, in accordance with the terms set forth in the preceding section, $4,000.00 to the Nuspeech Communications Corp. case and $11,000.00 to each of the other two Chapter 11 cases. Payments received by us on account of Chapter 7 cases may be taken by us as fees when received and not be placed in client's funds. Payments on account of the Chapter 11 cases shall be held in our clients' funds account pending a Court order allowing payment to us. Should any of the cases convert to Chapter 7 before the retainer for a case has been earned, we reserve the right to allocate the unused portion of the retainer to another case.

### *Fee Applications*

We are permitted by law to file applications to be paid our fees in Chapter 11 cases once every 120 days. It is our intention to file these interim fee applications. At the end of the case, we will file a final application for compensation. How much we are entitled to be paid will be determined by the Court subject to such standards as the Court may apply. In certain circumstances, we may ask to be paid an amount that is greater than our normal hourly rate. We expect that all fees shall be paid promptly upon entry of the order allowing such fees or at such other time as the Court may direct.

### *Court Approval/Commencement of Representation*

Our representation of you and each of the businesses to which you have caused to file Chapter 11 and Chapter 7 petitions is subject to approval by the Court of the terms of engagement and will not begin unless and until the Court enters an order approving our retention on these terms, including the immediate withdrawal of our representation should you not comply with the schedule for payment of our retainer. Having stated that, we will seek to be compensated for such services, if any, that we may perform in our discretion prior to the entry of an order approving our retention, as well as the time spent in preparing the application to be employed and the attendance of any hearing thereon.

{00023019.2}

 Rahul Chaturvedi, M.D.
Neena Chaturvedi, M.D. 
September 18, 2007
Page 5 of 5

If the foregoing meets with your approval, kindly sign a copy of this letter and return it to me as soon as possible.

Sincerely yours,

Joseph S.U. Bodoff

We have read and understand the terms of engagement set forth in this letter and in the Additional Terms of Engagement transmitted herewith, and we agree to and accept these terms:

_____  _____
Rahul Chaturvedi              Neena Chaturvedi

Nuspeech Realty Corp.         100 Independence Realty LLC

By: _____   By: _____

Physician Medical Centers, Inc.   Nuspeech Communications Corp.

By: _____   By: _____

Istrategy Capital Partners, LLC   PMC Diagnostics, Inc.

By: _____   By: _____

{00023019.2}